IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02199–CMA–KMT

SPRINGMEADOWS CONDOMINIUM ASSOCIATION, a Colorado nonprofit corporation,

　　Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

　　Defendant.

---

## ORDER

---

This matter is before the court on the "Amended Motion to Stay Lawsuit Pending Completion of Appraisal." (Doc. No. 17, filed October 8, 2014.) Plaintiff filed its response on November 14, 2014 (Doc. No. 25), and Defendant filed its reply on November 26, 2014 (Doc. No. 26).

This action involves a dispute regarding insurance coverage. Plaintiff invoked an appraisal process in June 2012, and the appraisal has not been completed. Defendant seeks to stay all proceedings in this matter pending the completion of an appraisal under the applicable policy. The Policy states

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to

> agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Mot., Ex. A at 44.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  A stay of proceedings is thus an appropriate exercise of the court's discretion.  *Id.*  When considering a stay of proceedings, this court considers:  (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Under these circumstances, the court finds that a stay of proceedings is warranted. Plaintiff concedes that "an appraisal process is supposed to be independent and that Court intervention is not usually appropriate." (Resp. at 2.)  However, Plaintiff requests that the court, rather than staying the case, "consider some form of intervention." (*Id.* at 2.)  Plaintiff also suggests that the Court require the umpire to complete his award within 30 days or to show cause

2

why that is not possible. (*Id.*) The court notes, however, that Plaintiff has not requested any form of injunctive relief in its Complaint. (See Doc. No. 3.) Moreover, the Court does not have jurisdiction over a nonparty.

Recognizing that the plaintiff does have an interest in proceeding with this matter, and also recognizing that Plaintiff will likely still litigate this matter regardless of the outcome of an appraisal, the court agrees that Plaintiff, who invoked the appraisal process, must complete the process before proceeding with further litigation. The court agrees that this factor weighs in favor of Defendant. Further, it would constitute a waste of judicial resources to compel the parties to proceed with discovery in this case when the completion of the appraisal process may fully resolve the claims in this case. Neither the interests of non-parties or the public, if any, prompt this court to reach a different result. Therefore, on balance, the court finds a stay of proceedings is proper in this case.

Therefore, it is

**ORDERED** that the "Amended Motion to Stay Lawsuit Pending Completion of Appraisal" (Doc. No. 17) is **GRANTED**. All proceedings in this case are hereby **STAYED**. Within fourteen days of the completion of the appraisal process, the parties shall file a joint status report to advise if a Scheduling Conference should be set.

Dated this 9th day of December, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge